# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS KLEON AUDAIN, | |
| Petitioner, | |
| v. | CIVIL ACTION NO. 3:12-CV-02301 |
| THOMAS DECKER, | (Judge Mariani) |
| Respondent. | |

## MEMORANDUM

### I. Introduction

Petitioner Travis Kleon Audain ("Petitioner" or "Audain") initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1). He seeks declaratory and injunctive relief to review the lawfulness of his prolonged detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (*Id.*).

For the reasons discussed below, we will grant Respondent's motion and we will dismiss the Petition as moot because Petitioner has been release from confinement and any relief by way of habeas is no longer available.

### II. Background

Petitioner challenges his prolonged detention at the York County Prison Jail in York, Pennsylvania. (*Id.*). He alleges that he was in custody for more than fourteen (14) months which unreasonably subjected him to an unconstitutionally excessive period of prolonged

detention. (*Id.*). As relief, he seeks an order "to show cause"; an order "[d]eclaring that Petitioner's prolonged detention is not authorized by the INA and/or violated the Fifth Amendment"; an order granting the Petition and "ordering that Petitioner be given bond and/or releasing Petitioner under an order of supervision"; and any other and further relief the Court deems appropriate. (*Id.* at p. 4).

On December 10, 2012, we issued an Order to Show Cause on Respondent. (Doc. 5). Respondents sent their response on December 31, 2012. (Doc. 7). Petitioner filed a traverse on January 8, 2013. (Doc. 8). On May 14, 2012, Respondents filed a motion to dismiss suggesting mootness, or alternative, to dismiss the Petition and a brief in support. (Docs. 11, 12). In the brief in support, Respondent explains that "the Board of Immigration Appeals denied Audain's appeal, and the Third Circuit rejected Audain's request for a stay of removal. Because Audain's detention status has therefore changed from pre-final order to post-final order, [Respondent alleged that the Petition was] now moot, and the Court should dismiss the Petition." (Doc. 12, p. 1).

Audain never responded to Respondent's motion. Thus, this Court issued an Order directing Petitioner to respond. (Doc. 16). The Order was returned as undeliverable. A call to ICE confirmed that Audain was deported to Guyana on August 6, 2013. On September 26, 2013, the Respondents filed a document entitled "Notice of Suggestion of Mootness"

that explained that Audain had been deported[1] and, as such, the habeas petition should be dismissed as moot. (Doc. 18).

## III. Discussion

In light of the action recently taken by immigration officials, removing Audain from the United States, this case is now moot and should be dismissed. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions frequently turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* at 477(citations omitted).

*DeFoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005).

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by

---

[1] Attached to the notice was the warrant of removal/deportation. (Doc. 18, Ex. A).

3

immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. *Burke v. Gonzales*, 143 F. App'x 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. *Sanchez v. Attorney General*, 146 F. App'x 547 (3d Cir. 2005). Similarly, the deportation of an alien also makes an immigration habeas corpus petition moot. *See Lindaastuty v. Attorney General*, 186 F. App'x 294 (3d Cir. 2006). As the United States Court of Appeals for the Third Circuit aptly noted in *Lindaastuty v. Attorney General*, 186 F. App'x 294 (3d Cir. 2006), when confronted with this precise situation: "because [the petitioner] has already been deported and is, therefore, no longer in custody, the challenge to her detention is moot and the habeas petition must be dismissed." *Id.* at 298.

While the *Lindaastuty* decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 n.12 (3d Cir. 1996). We find the reasoning in *Lindaastuty* compelling and conclude, consistent with *Lindaastuty*, that since Audain has been removed "and is, therefore, no longer in custody, the challenge to h[is] detention is moot and the habeas petition must be dismissed." *Id.* at 298. As such, we will grant Respondent's motion and will dismiss the Petition as moot. An appropriate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge